OPINION of the Court, by
Ch. J. Boyle.
This was an action of trespass and ejectment. The plaintiff declared upon several demises from Robert Carter and ^}8 wife, of an undivided fourth ; from Robert H. Grayson of an undivided fourth, and from Alfred *237 W* Grayson of an undivided moiety, of the prunRes in question. The tenant in possession was admitted a defendant, upon his entering into the common rule, ami Upon the general issue a verdict was found for tin plaintiff, in the following words, viz. l> W *, of the jury, find the defendant guilty of the trespass and ijccorient in Ae declaration supposed, and we find tor the plaintiff the lands designated on the connected plat filed herein, by the letters A. B. C. D. and black lines, and assess the plaintiff’s damage to one penny.’’ Judgment was thereupon rendered by the court, “ that the plaintiff'recover of the defendant the term yet to come of and in the messuage and lands with the appurtenances in the declaration mentioned.” To reverse which «judgment the defendant has prosecuted this writ of error.. -
joint tenants or parceners nny make a joint dsmhe.
.4 her verdict without exception to the evidence the court will piefume the title of the lefsors was fuch as to fupport the demife charged in the declaration*
The connected plat is not part of the record in ejectment, and fa much of the verdict as has reference to the connected plat is furpluiage, which does. not vitiate the ver® diet*
The court correctly disregarded fo much o! the verdict as had alluiion to the connected plat.
Irregularities in executing the writ of ha-bere facias foj-Jejsicnem will not be regarded in the appellate court until they have been adjudicated in the court below*
Many objections are tak-"n in this case : such of them as are material to be considered, will be noticed in the order in which they are presented by the assignment of errors. The first which claims attention, questions the propriety of laying several demises in the declaration. There is nothing in the declaration which shews whether the lessors of the plaintiff were tenants in common, joint tenants or coparceners ; nor is there anv exception taken to the evidence on the trial fay which this is made to appear. If they were tenants in common, it seems from the current of authorities that the plaintiff could not declare upon a joint demise, but must, as was done in this case, lav several demises from the respective lessors; and although it be true, that joint tenants or coparceners may make a joint demise, we know of na case in which it has been held that they cannot make several demises. Bat without deciding whether a decla-i ration containing separate demises would be correct f where it appeared the lessors of the plaintiff were joint tj tenants or coparceners, we can have no hesitation in de Aermining tnat in this case the objection ought not to be sustained, inasmuch, as we must presume, after verdict, that the title of the lessors of the plaintiff was such as to support the demises laid in the declaration, where the contrary is not made to appear.
The next iobjection alleges that the verdict is not. pursuant to the 'declaration, but finds for the plaintiff the lands described in the connected plat by the letters A- B. C, D. To this it may be answered, that the coa? *238 nected plat is no part of the record, and so much of the verdict as isas reference to it is unintelligible, and must be regarded as mere surplusage, Without this part of jc t|lL v. nüi f p; jn the usual form and corresponds sub-: stantially v, n’n the declaration.
The third objection which demands attention is, that the judgment of the- court is essentially variant front the finding of the jury. This objection is predicated upon the idea that the finding by the jury of land as described in the connected plat was a material part of the verdict ; but the court below, very correctly disregarding, that part of the finding of the jury, has rendered judgment strictly in pursuance oí the residue of the verdict. The objection is therefore without foundation and entitled to no weight.
The remaining objections relate to supposed irregularities in the emanation and execution of the writ of habere facias possessionem. These irregularities, if they exist, were properly correctable by application to the. court below ; and before they have been adjudicated opon by that court, it would be an assumption of original, and not an exercise of appellate jurisdiction, for this, yaurt to decide upon them.
Judgment affirmed with costs.